**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4396**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

TRAVIS LEE FERGUSON,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Terrence W. Boyle, District Judge.  (5:03-cr-00281-BO)

_____

Submitted:  November 21, 2007        Decided:  January 28, 2008

_____

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Lee Ferguson appeals the district court's order revoking his term of supervised release and sentencing him to eighteen months' imprisonment. Ferguson contends that the sentence imposed by the district court was plainly unreasonable because the court did not properly consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors and because the district court gave no explanation for choosing a sentence above the advisory policy statement range calculated under United States Sentencing Guidelines Manual § 7B1.4(a), p.s. (2006).

The sentencing court has broad discretion to revoke a defendant's supervised release and impose a term of imprisonment up to the statutory maximum. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). We have decided that we will first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39.

- 2 -

A sentence is procedurally reasonable if the district court considered the policy statements and the pertinent factors in § 3553(a). Crudup, 461 F.3d at 440. A sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Id. If a sentence is found to be either procedurally or substantively unreasonable, this court must "decide whether the sentence is *plainly* unreasonable." Id. at 439.

Regarding the procedural aspect, we find that Ferguson's sentence was reasonable because the court considered the advisory range and the applicable § 3553(a) factors. During the revocation hearing, the court had for its consideration the supervised release violation worksheet which noted the advisory custody range provided under USSG § 7B1.4(a). Additionally, although the court did not specifically reference § 3553(a), the court's colloquy with the probation officer showed that it also considered the "history and characteristics of the defendant," the need for deterrence, and the need to protect the public from further crimes. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (holding that court need not explicitly address each factor or refer to the statute).

Turning to the question of substantive unreasonableness, we conclude that, even if the district court's failure to adequately explain its reasons for Ferguson's eighteen-month

sentence rendered the sentence unreasonable, the sentence is not *plainly* unreasonable. The district court was fully aware of Ferguson's history of misconduct during his incarceration; in addition, on the day after his release, Ferguson admitted using marijuana and cocaine. Within just a month of being released from prison, Ferguson engaged in drug use on at least two occasions, failed to show up for two treatment appointments, and failed to participate in urinalysis as directed. In short, Ferguson failed to even attempt to comply with the terms of his supervised release. In light of this record, and the substantial latitude and broad discretion accorded district courts in devising appropriate revocation sentences, see Crudup, 461 F.3d at 439, we conclude that Ferguson's sentence, which was situated half-way between the top of the policy statement guidelines range and the statutory maximum, was not plainly unreasonable. See Moulden, 478 F.3d at 652 (defining plainly unreasonable sentence as one that is clearly or obviously erroneous).

Accordingly, we affirm Ferguson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -